**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SALVADOR GARCIA MORENO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-2038-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Salvador Garcia Moreno, Federal Prisoner Number 91613-510, challenges the calculation of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is dismissed without prejudice for failure to comply with court orders and failure to prosecute.

**BACKGROUND**

Moreno is a 26-year-old prisoner confined to the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court.[2] His projected release date is October 28, 2026.

On December 14, 2023, Moreno concealed firearms and ammunition inside a speaker box in his vehicle.[3] He then attempted to smuggle those items into Mexico through the port of entry in San Luis, Arizona. He pleaded guilty to smuggling goods from the United States and aiding and abetting.[4] On February 26, 2026, he was sentenced to twelve months and one day in prison followed by thirty-six months of supervised release. He was ordered to self-surrender to serve his

---

[1] Pet'r's Pet., ECF No. 1-1.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 91613-510, last visited Oct. 19, 2026).
[3] *United States v. Garcia Moreno*, 2:24-cr-01650-SHD (D. Az.), Plea Agreement, ECF No. 72.
[4] *Id.*, J. Crim. Case, ECF No. 135.

sentence on March 16, 2026.

Moreno now claims that the Bureau of Prisons ("BOP") has in place a scheme "to prolong imprisonment past a release date to a residential reentry center (half-way house), or to home confinement, or upon the completion of an inmate's sentence, thus, resulting in an illegal and improper imprisonment."[5] He asserts the BOP's First Step Act earned time credit assessment in his case shows his placement in a residential reentry facility is not scheduled until January 10, 2027, while his calculation "shows a present date."[6] He maintains "[e]xhaustion of administrative remedies is not required in a § 2241."[7] He asks the Court to "order his immediate release."[8]

**APPLICABLE LAW**

A prisoner does not have an "absolute 'right' to proceed in a civil action without paying a filing fee."[9] When a prisoner seeks relief through a § 2241 petition, he must pay the District Clerk a $5.00 filing fee.[10] In the alternative, he may apply to the court for permission to proceed without paying the filing fee with an affidavit disclosing all his assets and showing he is unable to pay the fee.[11]

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b).[12] The court's authority under Rule 41(b) flows from its "inherent power to control its docket and prevent undue delays in the

[5] Pet'r's Pet., ECF No. 1-1 at 2.
[6] *Id.* at 4.
[7] *Id.* at 9.
[8] *Id.* at 10.
[9] *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)).
[10] 28 U.S.C. § 1914(a).
[11] *Id.* § 1915(a)(1).
[12] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

disposition of pending cases."[13] The court's authority is not diluted by a party proceeding *pro se*, as "'[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"[14]

**ANALYSIS**

Moreno's application to proceed *in forma pauperis* was denied on August 11, 2026, because he indicated that he earned $110.00 per month from a prison job and had sufficient funds available to pay the $5.00 filing fee.[15] He was ordered to pay the fee within 21 days of the entry of the order. His subsequent motion for reconsideration was denied on September 9, 2026.[16] He was also warned that his petition could be dismissed if he failed to pay the $5.00 filing fee withing 21 days of the entry of the Court's order. He has not timely complied with the Court's orders.

**CONCLUSIONS AND ORDERS**

The Court concludes that Moreno has failed to comply with court orders and has failed to prosecute his cause. It further concludes that his petition is therefore subject to *sua sponte* dismissal.[17] The Court accordingly enters the following orders:

**IT IS ORDERED** that Salvador Garcia Moreno's *pro se* "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and failure to prosecute.

---

[13] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see* also *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion.").

[14] *Wright v. LBA Hosp*., 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

[15] Text Order, Aug. 11, 2026.

[16] Text Order, Sept. 9, 2026.

[17] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders.").

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that Salvador Garcia Moreno's case is **CLOSED**.

**SIGNED** this 28th day of October 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**